UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| MITCHELL BLANKENSHIP, | : | NO. 1:07-CV-01004 |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 16), Defendant's Objections (doc. 17), and Plaintiff's Reply (doc. 18). For the reasons indicated herein, the Court AFFIRMS the Magistrate Judge's Recommended Decision, ADOPTS the Magistrate Judge's Report and Recommendation in all respects, and REMANDS this matter for further proceedings consistent with this decision.

The Court incorporates here the thorough recitation of the extensive procedural and factual background found in the Magistrate Judge's Report and Recommendation (doc. 16). Plaintiff Mitchell Blankenship filed an application for supplemental security income benefits ("SSI") and disability insurance benefits ("DIB") in January 2000 (Id.). Plaintiff's application was denied by the ALJ and denied review by the Appeals Council in September 2002, but was ultimately granted two subsequent hearings before the ALJ in March and May, 2006 (Id.). In August 2006, the ALJ found

Plaintiff's physical impairments to be non-severe and his mental impairments to be severe as exacerbated by alcohol abuse/dependence and determined that Plaintiff was capable of a restricted range of sedentary work (Id.). The Appeals Council denied review in October, 2007, and in December, 2007, Plaintiff brought this action for judicial review of Defendant's decision (doc. 5). Plaintiff alleged four errors in the ALJ's decision, stating "[t]he Commissioner's decision is not supported by substantial evidence because: (1) Plaintiff's substance abuse was not a contributing factor material to a finding of his disability, (2) the ALJ did not properly weigh the evidence, (3) the ALJ did not properly construct the claimant's residual functional capacity and (4) the ALJ committed reversible error in finding Plaintiff not credible" (doc. 16).

**I. DISCUSSION**

    **A. Report and Recommendation**

In the Report and Recommendation, the Magistrate Judge reviewed the Plaintiff's testimony at the various ALJ hearings, the testimony of the vocational expert ("VE"), and the extensive medical evidence to determine whether the ALJ's decision was supported by substantial evidence (Id., citing for the relevant standard 42 U.S.C. § 405(g)). In considering Plaintiff's first assignment of error, the Magistrate Judge noted "in order to find that drug abuse is material, the ALJ must make a determination that

2

(1) Plaintiff is disabled based on his gross limitations; (2) drug or alcohol abuse is a concern; and (3) substantial evidence on the record shows what limitations would remain in the absence of alcoholism or drug addiction" (Id., citing Brueggemann v. Barnhart, 348 F.3d 689, 693-95 (8th Cir. 2003)). Using this standard, the Magistrate Judge found that the ALJ failed to properly determine, based on substantial evidence in the record, what mental limitations would remain in the absence of Plaintiff's alcohol abuse (Id.). The Magistrate Judge found the paper review opinion of Dr. James Capage[1], on which the ALJ based his conclusion that alcoholism is a contributing factor to Plaintiff's disability, to be unsupported by the medical evidence and not to constitute substantial evidence in support of the ALJ's ultimate findings (Id.). The Magistrate Judge found it significant that extent of the medical evidence in the record on this issue was three evaluations by non-treating psychologists, each of whom could not make a determination on whether absent alcohol use, the limitations caused by Plaintiff's mental impairments would be significant enough to render him disabled (Id.). Likewise, the Magistrate Judge did not find significant the three mental health treatment notes on which the ALJ relied where Plaintiff reported nominal improvement over a one month period of time in June-July 2004

---

[1] The Court notes that while Dr. Capage's last name is spelled differently in various documents, it appears from the medical records that Capage is correct.

3

(Id.). The Magistrate Judge concluded "due process demands that an independent medical expert, a clinical psychologist with a Ph.D. degree or a psychiatrist, review the entire record and explain, if possible, the extent of plaintiff's limitations caused by his mental impairment, absent his addiction to alcohol. Such an expert should clearly explain the basis for his or her opinion, including those portions of the existing record, and or any information gleaned from additional testing, if deemed necessary, which supports his or her conclusions."

The Magistrate Judge also reviewed each of Plaintiff's remaining assignments of error and found them to be without merit (Id.).

**B. Defendant's Objections and Plaintiff's Reply**

Defendant filed a timely objection to the Report and Recommendation, arguing that the ALJ properly relied on Dr. Capage's opinion because it is uncontradicted by the record, and that a remand would constitute a waste of administrative and judicial resources because Dr. Capage performed the review the Magistrate Judge proposes (doc. 17). Plaintiff submitted a reply brief urging the Court to overrule Defendant's objections and adopt the Magistrate Judge's Report and Recommendation (doc. 16).

**C. Standard of Review**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether

4

objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case <u>de novo</u>. Fed. R. Civ. P. 72(b) provides this standard of review. It states, in pertinent part, that "[t]he district judge to whom the case is assigned shall make a <u>de novo</u> determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." <u>Id</u>. It continues by stating "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." <u>Id</u>.

Because timely objections have been filed in this case, this Court will review the Magistrate Judge's Report and Recommendation <u>de novo</u>. It is important to note that the standard of review for a Magistrate Judge's report and recommendation is distinct from the standard of review for the ALJ's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the decisions of the Social Security Administrations's Commissioner, ALJ and Appeals Council, is limited to whether the ALJ applied the correct legal standards in reaching his decision and whether there is substantial evidence in the record to support the Commissioner's factual findings. <u>See</u> 42 U.S.C. § 405(g); <u>Smith v. Secretary of Health and Human Servs.</u>, 893 F.2d 106, 108 (6th Cir.1989). "Substantial evidence exists when a

reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Secretary of Health and Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993) (citation omitted). Accordingly, the Court's "review is limited to determining whether there is substantial evidence in the record to support the findings." Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 851 (6th Cir. 1986).

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). It is for the Commissioner to resolve conflicts in the evidence and to decide questions of credibility. Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir. 1987). Credibility determinations, however, may be disturbed when the Court is presented with a compelling reason. Smith v. Halter, 2002 Fed. App. 0348P (6th Cir. 2002).

The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed

without interference from the courts." Id. (citation omitted). If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm. Kirk, 667 F.2d at 535.

   **D. Analysis**

After thorough review of the record, the Court does not find Defendant's objections well-taken. Defendant is correct that Dr. Capage's opinion is uncontradicted by the record, but what is significant is that it is unsupported by the record because the evaluations of Psychologists Kelly and Perdue, as well as Dr. Jack Dodd came to no conclusion on this issue. Further, although Dr. Capage's opinion is based on a review of the medical record, his opinion does not make clear what medical records, evaluation results, or expertise of his own compelled the conclusion that absent alcohol use, the limitations caused by Plaintiff's mental impairments would not be significant enough to render him disabled. On remand, the reviewing psychologist or psychiatrist must clearly explain the basis for her opinion, and if she finds there is not enough evidence to reach a conclusion, she may require additional testing. Accordingly, the Court finds the Magistrate Judge's opinion and recommendation of remand to be thorough, well-reasoned and correct.

**II. Conclusion**

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's

findings, as outlined in his Report and Recommendation, are correct. Therefore, the Court hereby OVERRULES Defendant's Objections (doc. 17) ADOPTS the Report and Recommendation in its entirety (doc. 16), and REMANDS this matter to the ALJ for further proceedings consistent with this decision.

On remand, an independent medical expert, a clinical psychologist with a Ph.D. degree or a psychiatrist, must review the entire record and explain, if possible, the extent of plaintiff's limitations caused by his mental impairment, absent his addiction to alcohol. Such an expert should clearly explain the basis for his or her opinion, including those portions of the existing record, and or any information gleaned from additional testing, if deemed necessary, which supports his or her conclusions.

SO ORDERED.

Date: March 27, 2009         s/S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge